IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ADRIAN SALAZAR | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. SA-13-CA-940 |
| | § | |
| SOUTH SAN ANTONIO INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |
| | § | |
| Defendant | § | |
| | § | |

## ORDER REGARDING PLAINTIFF'S
## APPLICATION FOR ATTORNEYS' FEES

This civil action for damages was filed on October 14, 2013. The complaint named two Defendants: Michael Alcoser and the South San Antonio Independent School District. It asserted federal claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681, *et seq.* The complaint also asserted pendent state claims of assault and battery, negligence, and intentional infliction of emotional distress. On April 28, 2014, the Court dismissed five of the Plaintiff's claims, and granted counsel leave to amend the complaint in order to state a proper claim under the sixth (Docket No. 19). When the amended complaint (Docket No. 20) was filed, it omitted any claim for damages against Michael Alcoser individually. All claims against Alcoser were formally dismissed by the Court on May 29, 2014 (Docket No. 24). From that point on, the only Defendant was the South San Antonio Independent School District.

On January 20, 2015, this case went to trial.  On January 21, 2015, the jury returned a verdict in favor of the Plaintiff and awarded damages.  The Court entered Judgment based on the verdict of the jury (Docket No. 90).  On March 11, 2015, the Plaintiff filed this motion for an award of attorneys' fees (Docket No. 91).  The Defendant timely filed objections (Docket No. 94), and the matter is now ripe for decision.

The Court has discretion to award a reasonable attorneys' fee to the prevailing party in a civil action to enforce Title IX.  42 U.S.C. § 1988(b).  In determining a "reasonable" attorneys' fee, the Court follows a two-step procedure. **See Louisiana Power & Light Co. v. Kellstrom**, 50 F.3d 319, 323-24 (5th Cir. 1995).  First, the Court must determine the reasonable number of hours expended by counsel on the litigation and the reasonable hourly rate charged by lawyers in that community for their services in similar litigation. **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983); **Kellstrom**, 50 F.3d at 324.  Next, the Court must multiply the reasonable hours by the reasonable hourly rate. **Blum v. Stenson**, 465 U.S. 886, 888 (1984), **Brantley v. Surles**, 804 F.2d 321, 325 (5th Cir. 1986).  The product of this multiplication is the base fee or "lodestar," which the Court either accepts as is, or adjusts upward or downward, depending on the circumstances of the case. **Kellstrom**, 50 F.3d at 325.  If adjustment of the lodestar is warranted, the Court considers the factors announced in **Johnson v. Georgia Highway**

2

**Express, Inc.**, 488 F.2d 714, 717-19 (5th Cir. 1974).

In this case, counsel for the Plaintiff are requesting fees for services rendered by four attorneys: Ricardo A. Garcia, Albert Guerrero, Omar Cura, Jr., and Brendon K. McBride. In addition, they seek fees for the services of two paralegals. The attorneys' fees requested total $140,550.50. The Defendant objects and argues that the fee requests should be reduced "by at least fifty percent" (Docket No. 94, para. A).

With respect to the first step of the lodestar calculation, the Court is faced with a daunting task for the simple reason that the attorneys all admit that they did not maintain contemporaneous time records reflecting the hours they spent on this litigation. Their excuse is that they agreed to represent the Plaintiff on a contingent fee basis, and did not foresee the need to maintain hourly records.[1] In addition to pointing out the failure to maintain the contemporaneous records, the Defendant objects that even the reconstructed time records reflect duplication of attorney efforts; improper billing of travel time and administrative time; failure to exclude time expended on unsuccessful claims; and lack of billing judgment. Further, in an appendix in support of the Defendant's objections (Docket No. 95), defense counsel includes 20 pages of itemized objections to specific billing entries (Docket

---

[1] The contingent fee agreement provided that in the event of a trial and jury verdict, as occurred in this case, the contingent fee would be an eye-opening 45 percent!

No. 95, pp. 51-71).

An applicant for an award of attorneys' fees bears the burden of documenting the hours expended in the particular litigation. **Hensley**, 461 U.S. at 437; **Kellstrom**, 50 F.3d at 324.  To sustain that burden, the fee applicant is customarily required to produce contemporary billing records or the equivalent.  **Bode v. United States**, 919 F.2d 1044, 1047 (5th Cir. 1990).  The reviewing court is not required to accept billing records which are reconstructed, after-the-fact summaries of hours allegedly expended.  **Leroy v. City of Houston (Leroy I)**, 831 F.2d 576, 585 (5th Cir. 1987); **Kellstrom**, 50 F.3d at 325.  The Court may properly reduce or eliminate hours when the supporting documents are too vague to permit meaningful review.  **Leroy v. City of Houston (Leroy II)**, 906 F.2d 1068, 1080 (5th Cir. 1990).  Examples of unacceptable vagueness may include such entries as "legal research"; "trial preparation"; and "met with client" without stating what was done with greater precision.  **Hensley**, 461 U.S. at 434; **Kellstrom**, 50 F.3d at 326-27; **H.J. Inc. v. Flygt Corporation**, 925 F.2d 257, 260 (8th Cir. 1991).

With this background in mind, the Court will consider the Plaintiff's fee application and the Defendant's objections to it. For its convenience, the Court will first consider the application of attorney Brendon K. McBride.  This attorney is unique in that he did not enter his appearance in this case until after the trial was

over.[2]  In his affidavit, this attorney contends that he performed legal services for the Plaintiff prior to the trial (Docket No. 91, Exhibit C).  Although he purports to list some of these services, no specific dates are attached to any of them, and his descriptions of the services performed are too vague and non-specific to allow effective review by the Court.  Accordingly, no fees will be awarded with respect to the 25 hours of services which he claims to have performed before the trial.  He also fails to provide dates for the post-trial services listed in his fee application, but it is clear from the chronology of the case that they were performed between his entry of appearance on January 29 and the filing of the fee application on March 11, 2015, and the descriptions of the services are specific enough to permit review.  Accordingly, the Court's consideration of McBride's fee application will be limited to 19.5 hours.

The fee application of attorneys Cura, Garcia, and Guerrero are even more difficult to review.  According to Cura, he agreed to represent Plaintiff Salazar on February 1, 2008, more than seven years ago (Docket No. 91, Exhibit B).  Over that seven-year period he maintained no actual time records.  Accordingly to Cura, however, "a forensic accounting based on my firm's file and my personal recollection" evidenced 115.5 hours spent in representing

---

[2] McBride's entry of appearance is dated January 29, 2015 (Docket No. 79).  The trial ended on July 21, 2015.

Salazar.   In spite of having represented Salazar for years, however, attorney Cura apparently did not feel qualified to litigate his case alone.[3]  Accordingly, he brought in the law firm of Garcia Ochoa & Mask of McAllen, Texas, for the purpose of filing the complaint and preparing the case for trial.  Beginning in fall 2013, therefore, attorney Ricardo Garcia represented Salazar as lead counsel.  He was assisted by an associate, Alberto Guerrero. In common with attorney Cura, however, neither Garcia nor Guerrero maintained contemporaneous time records reflecting the hours they spent in their representation of Salazar (Docket No. 91, Exhibit A).   Also like Cura, attorney Garcia purports to calculate the hours spent by himself and his associate based on his "personal knowledge."  On that basis, Garcia asserts that he spent no fewer than 168.65 hours in his representation of Salazar, and that Guerrero spent 58.75 hours.[4]

Counsel for the School District objects to the Plaintiff's motion for attorney's fees in several respects.  First, while not disputing the fact that the Plaintiff qualifies as a "prevailing party," they point out that he did not prevail as to all his

---

[3] Although he has maintained his office for the practice of law in the Western District of Texas since 2002, Cura is not admitted to practice in Federal Court.  In order to appear for the Plaintiff in this trial, he was required to request leave of Court to appear pro hac vice (Docket No. 61).

[4] In addition to their own time, both Garcia and Cura are requesting an award of fees for time spent by paralegals in their respective offices.

claims.  This argument is superficially appealing, in that five of six claims against the School District and all claims against co-Defendant Michael Alcoser were dismissed.  The Plaintiff prevailed only on his claim for money damages against the School District under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681, *et seq*.  However, the claims against the School District which were dismissed or abandoned before trial were not so distinct and separate from the winning claim that the time counsel spent on one should be segregated from the time spent on the others.  In other words, this is not a case in which it would be appropriate "to apportion the fee award mechanically on the basis of ... success or failure on particular issues." **Hensley**, 461 U.S. at 439.  As to the original co-Defendant, Michael Alcoser, some of the claims against him were dismissed by the Court, and counsel for the Plaintiff chose not to pursue the remaining claims (Docket No. 23). Since Alcoser was served with process and never filed an answer, counsel could have chosen to obtain a default judgment against him. However, Alcoser was a convicted felon, serving a long sentence of imprisonment, and it was not unreasonable to conclude that a judgment against him would have been worthless.  The Court does not fault Plaintiff's counsel for choosing to dismiss the claim against Alcoser.

The Defendant's other objections appear to have merit.  Their primary objection, of course, is the absence of contemporaneous

7

time records.   Further, even the "reconstructed" records reveal multiple examples of duplication of attorney efforts.   For example, between January 18 and January 21, 2015, attorneys Garcia and Guerrero and their paralegal, Mary Lou Doeppenschmidt, claimed that a total of 126.25 hours were spent in trial preparation and trial (Garcia 38 hours; Guerrero 50.25 hours; Doeppenschmidt 38 hours). Attorney Cura gives the Court only an "estimate of 68 hours spent on "trial, trial preparation, and entry of judgment," with no breakdown of the services performed or the specific dates on which they were performed.   He claims another 6 hours of paralegal time were devoted to this task.   In summary, three attorneys and two paralegals are alleged to have spent a total of 200 hours in four days time in connection with a trial which lasted about 6 hours, exclusive of jury deliberation.   A few weeks before that, between October 27 and October 31, 2014, Garcia claims to have spent 38.5 hours and Cura 16.5 hours taking depositions.   These times again appear to be exaggerated, but even if true, they reveal an unnecessary duplication of attorney efforts.   Although these may be the most obvious, a number of examples of duplication of attorney services are scattered throughout the exhibits in support of the motion for attorneys' fees.

The exhibits also reveal improper billing of travel time and administrative time.   Attorney Garcia and his paralegal claim 9 hours of time spent in travel from McAllen to San Antonio, Texas,

and they bill the time at the full hourly rate.   Further, the paralegal, Ms. Doeppenschmidt, claims 8.5 hours spent in the belated assembly of billing records to support this claim for attorneys' fees.   And attorney McBride claims 6 hours for similar work, without distinguishing between the time spent in drafting the motion for attorneys' fees and the time spent "assembling evidence in support," an administrative task.

It is beyond dispute that an attorney who seeks to recover his fees from his adversary under § 1988 has the burden of establishing the amount of time spent in vindication of his client's rights and his necessity for the expenditure of that time and effort.[5]   The reviewing court is obligated to consider the reasonableness of the hours claimed and the reliability or lack of reliability of the supporting time records.   In this case, counsel's failure to maintain contemporaneous time records; duplication of attorney efforts; examples of improper billing; and lack of billing judgment in general, justify reducing the hours claimed by thirty percent.

The second element in the lodestar calculation is the attorneys' reasonable hourly rate.   According to Garcia, his reasonable hourly rate is $350; that of his associate, Guerrero, is $300; and of his paralegal, $100.   Attorney Cura asserts that $300 an hour is a reasonable rate for his services, and $100 for his

---

[5] Chief Justice Burger suggested that the burden should be "clear and convincing evidence." **Hensley** at 441-42 (Burger, C.J., concurring).

paralegal. Attorney McBride, the self-described "civil appellate attorney," represents that $300 per hour is a "fair, reasonable, and customary hourly fee" for the services he offers.

The Court finds that these hourly rates are not justified by the record in this case. Three of the attorneys are personal injury lawyers by trade, and the remaining one specializes in civil appeals. None of the four lays claim to prior experience in civil rights or education-related litigation, and none has demonstrated special expertise in either of those fields. In fact, a lack of expertise is revealed by their pleadings and pretrial motion practice. The Court has had occasion to mention the poor draftsmanship on display in the original complaint. **See** Docket No. 8, p. 2, n. 1; Docket No. 19, pp. 4 and 6. Further, all but one of the six claims asserted against the School District in that complaint were dismissed or abandoned, as were all claims against the co-Defendant, Michael Alcoser. Perhaps of more significance is the fact that the complaint failed to allege an essential element of the one remaining claim against the School District under Title IX, and counsel did not amend to correct that deficiency until prompted to do so by the Court (Docket No. 19, p. 6). Because of their lack of specialized knowledge and experience in the field, Plaintiff's attorneys do not qualify for a "premium" hourly rate. Previous fee awards in comparable cases in the Western District of Texas would suggest that $275.00 is a reasonable hourly rate for

10

attorneys Garcia and McBride, and $225.00 for attorneys Guerrero and Cura.[6]

Having determined the reasonable hours expended by counsel and the reasonable hourly rate, the base fee or lodestar may now be calculated.  For attorneys Garcia and Guerrero and their paralegal, the lodestar fee is $49,698.25; for attorney Cura and his paralegal, $21,341.25; and for attorney McBride, $3,753.75.

Plaintiff's counsel argue that the lodestar figure should be enhanced based on three of the **Johnson** factors: (1) the novelty and complexity of the case; (2) the fact that they agreed to represent Salazar on a contingent fee basis; and (3) the result obtained, *i.e.,* a large damage award.  They suggest a 25 percent enhancement of the lodestar figure.  However, the Court agrees with the Defendant that no enhancement is justified.  Although this was a case of first impression in one particular respect, it was certainly not a complex case. Most of the facts were not disputed, and the case went to the jury after only a few hours of trial. Since a favorable outcome is part and parcel of qualifying as a prevailing party, the fact that good results were obtained is generally subsumed in other factors used to calculate a reasonable fee.  **Blum**, 465 U.S. at 901-02.  Finally, the existence of a contingent fee arrangement does not permit enhancement of the

---

[6] The Defendant does not object to the hourly rate of $100 for paralegal time.

lodestar fee. **City of Burlington v. Dague**, 505 U.S. 557, 566-67 (1992).

IT IS THEREFORE ORDERED that Plaintiff Adrian Salazar DO HAVE AND RECOVER of and from the Defendant South San Antonio Independent School District his reasonable attorneys' fees in the amount of $74,793.25, for all of which let execution issue.

SIGNED AND ENTERED this __18th__ day of June, 2015.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE